Filed 9/12/14  In re A.H. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E059883 |
| Plaintiff and Respondent, | (Super.Ct.No. J250890) |
| v. | OPINION |
| A.H., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lynn M. Poncin, Judge.  Affirmed.

Kyle D. Smith, under appointment by the Court of Appeal, and A.H., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The juvenile court sustained allegations defendant and appellant A.H. (minor)

1

committed first degree robbery (count 1; Pen. Code, § 211)[1] and first degree burglary while the victim was present (count 2; § 459). The court declared minor a ward of the court and released minor to the custody of his mother on probation.

After defendant's trial, counsel filed the notice of appeal; this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a statement of the facts, and identifying three potentially arguable issues: 1) whether trial counsel committed prejudicial ineffective assistance of counsel (IAC) in failing to preserve for appellate review the issue of whether the infield showup of minor was unduly suggestive such that it should have been suppressed from the evidence adduced at the jurisdictional hearing; 2) whether the infield showup of minor was violative of minor's constitutional rights to due process; and 3) whether sufficient evidence supports the juvenile court's true findings on the allegations. Defendant was offered the opportunity to file a personal supplemental brief, which he has done. In his brief, defendant argues his trial counsel rendered unspecified acts of prejudicial IAC and that minor was not the perpetrator of the offenses. We affirm.

## FACTS HISTORY

On August 21, 2013, at approximately 9:30 p.m., the victim, who is deaf, was lying on her bed using her cell phone to communicate with her boyfriend both by text and

---

[1] All further statutory references are to the Penal Code.

by sign language utilizing FaceTime. She felt something coming from the window where she turned to see minor's face. "I saw his face clearly." The victim recognized minor immediately. Minor had removed the window screen and crawled into her bedroom through the window. He then reached and grabbed the victim's cell phone out of her hands. She yelled at minor who immediately left. Her boyfriend called the police.

The victim had previously seen minor regularly on numerous occasions in and around her apartment complex riding his bike, playing basketball, and playing with his friends: "I have seen him lots of times." She knew he lived somewhere near the back of the apartment complex. The victim did not know minor's name, so she communicated his description to her daughter who immediately knew who he was and where he lived.

Rialto Police Officer Joseph Maltese was dispatched to the apartment complex around 9:30 p.m. that night. The victim communicated with him that night using her daughter as an interpreter. She told the police what had happened and gave them a description of minor. The victim's daughter showed Maltese the location of minor's apartment.

Maltese spoke with minor's mother who allowed officers to search the apartment. "There were cell phones all over the place and that apartment was a mess. It was like [looking for] a needle in a haystack." "They had cell phones everywhere." After about 10 minutes, the officers gave up looking for the victim's cell phone.

Minor's mother informed Maltese minor had been with her all night. However, she had allowed him to go out alone to the mailbox that night to get the mail. Minor's

mother testified minor had been with her the entire night; they had gone to a football game leaving at 9:30 p.m., after which they went to Taco Bell.

Maltese transported the victim to minor's apartment. He told "her that we had to do an infield showup. I explained to her that the person . . . she is going to see may or may not be the one who committed the crime. Just because he is detained doesn't mean that's the one who committed the crime." Maltese did not put any pressure on the victim to identify minor as the perpetrator. He shone a spotlight on minor. The victim identified minor as the perpetrator.

The victim testified there was no doubt that the person she identified was the person who took her phone: "I have always known who it was." Maltese testified the victim "knew exactly who it was." She indicated she was 100 percent sure minor was the perpetrator. Maltese did not conduct a lineup because the victim and her daughter had named minor as the perpetrator. The victim identified minor in court as the perpetrator.

The victim received her phone back the next day from minor's mother's friend. The phone was damaged, data had been deleted, and the cover was missing.

DISCUSSION

Minor contends his attorney failed to provide adequate legal representation, but fails to exposit anything his attorney did improperly. Minor additionally argues he was not the perpetrator.

"'In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to

4

the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] . . . "[I]f the circumstances reasonably justify the [judge's] findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding." [Citation.] We do not reweigh evidence or reevaluate a witness's credibility.' [Citation.] . . . Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction.' [Citations.]" (*People v. Brown* (2014) 59 Cal.4th 86, 106.)

Here, the victim testified she was "[v]ery, very close" to minor when he took her phone. She said she "[saw] him clearly." The victim recognized him immediately. She had seen him on numerous prior occasions in the apartment complex: "I have seen him lots of times." She knew he lived in the back of the apartment complex.

The victim identified minor to Maltese at the infield showup. She testified there is no doubt minor was the person who took her phone. Maltese testified the victim was 100 percent sure minor was the perpetrator. The victim identified minor as the perpetrator in court. The juvenile court obviously credited the victim's testimony. Thus, there was sufficient evidence to support the juvenile court's conclusion that minor was the individual who committed the alleged offenses.

5

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. (*People v. Vines* (2011) 51 Cal.4th 830, 875-876 [Reviewing courts defer to counsel's tactical decisions in examining claims of IAC and there is a strong presumption counsel's conduct falls within the range of reasonable assistance.]; *People v. Ochoa* (1998) 19 Cal.4th 353, 413 ["'The "single person showup" is not inherently unfair.' [Citation.] [F]or a witness identification procedure to violate the due process clauses, the state must, at the threshold, improperly suggest something to the witness—i.e., it must, wittingly or unwittingly, initiate an unduly suggestive procedure."].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

6